Bruere sued Grover
in an action of trover and conversion for a mare. On the trial he proved that the mare had for some time been in the possession of one William Tilton, from whom he purchased her for sixty dollars, to bo paid one-half in money and thé residue by the ironing of a wagon; and that for some time afterward lie had used and possessed the mare. One of the witnesses called by Bruere testified that he had understood the mare had been formerly owned by one Howell Hendrickson and one Edmund Tilton, iii partnership, and that William Tilton had purchased her of Edmund; and that ho had heard Hendrickson say *Edmund [*320 had a right to sell her, and he had no claim on her. Another witness testified he borrowed the mare of Bruere to go to a race; while there, Hendrickson by pretext got her into his possession, and went away with her to another part of the race ground. After some time Hendrickson returning *398 without her, and being asked for her by the witnéss, slapped his hand on his pocket; on which the witness remarked that Hendrickson had brought him into a scrape by selling the mare which he had borrowed. The next day the mare was seen in the-possession of Grover, who, she being demanded by Bruere, said he had bought her and would not give her up.
The defence of Grover was-, that upon a subsequent meeting of the respective claimants, Bruere had relinquished to him his claim, on receiving from Hendrickson an engagement of indemnity in case he should have to pay for her, and had thereupon delivered the mare to Grover. And Nathaniel Labaw, a witness called by Grover, on. his examination and cross-examination, testified among other things, in substance, that some time after the mare went into Grover’s possession, at the race ground, he, as constable, took her from Grover by virtue of a search warrant issued at the instance of Bruere. Whereupon Grover sued out a search warrant, which seems not to have been executed. On the next day, Michael Forman, a constable, arrested ■Bruere on a warrant, issued at the instance of Hendrickson, for taking a false oath, in swearing that Hendrickson stole the mare. Forman also took the mare to his own stable, and there locked her up. Thereupon Bruere and Grover went to Hendrickson, and they tried to settle it. Bruere said if lie had not to pay for her, he did not want her. Hendrickson then agreed, if Bruere had to pay for her, he would pay him thirty dollars. Bruere said he would give her up and the whole should be dropped. Hendrickson agreed to proceed no further with his warrant for taking a false oath. The whole was agreed to be dropped. Bruere and Grover and Forman went to the stable and brought the mare to Hendrickson’s, where she was delivered to Grover, and taken away by him.
After the examination of Labaw was finished, Bruere moved the court to overrule “ such parts thereof as related to any compromise or agreement to surrender the mare upon *399 the terms stated, after and while Bruere was under arrest, as being the compounding of a felony; and the same was overruled accordingly.”
*This decision of the court is the cause assigned for [*321 reversal of the judgment.
On the part of the plaintiff in certiorari, it is insisted, the evidence ought not to have been overruled, because the relinquishment by Bruere and his delivery of the mare to Grover, vrere the result of a general adjustment of the disputed claims oí property and of the indemnity given to him by Hendrickson ; and that the abandonment of the warrant was the consequence, not the cause, of the arrangement agreed upon. On the other hand, it is contended the agreement not to prosecute for perjury was the consideration of the relinquishment and delivery by Bruere, which were therefore inoperative and void.
Under these circumstances then a question of fact was fairly raised, which, in our opinion, ought to have been submitted to the jury with proper instructions as to the principles of law. By withdrawing the evidence from the jury, the court virtually decided that the consideration of the arrangement under which Grover claimed the property was the compounding of a felony ; whereas this was certainly a question of fact, and was so argued by the counsel here, who differed on this question only, and not on the rules or principles of law which would be applicable, the fact being ascertained.
Moreover, it appears to us, the application to the court and their determination were erroneous, because vague and uncertain. The parts of the evidence overruled should have been specified. By the course adopted, it was left to the jury to say what parts were or were not within the opinion of the court, to determine what parts were or were not overruled, instead of having this matter decided by the court and distinctly stated to them. They were open to error; nor if they misunderstood what was excluded by the court, *400 is it extraordinary, since the counsel here differed, one side insisting that the whole of Labaw’s testimony was overruled, while the other side said not s.o, but only the evidence of attempts to compromise while Bruere was under process.
Let the judgment be reversed.